Greenbaum, Rowe, Smith & Davis LLP
David L. Bruck, Esq.
Metro Corporate Campus One
P.O. Box. 5600
Woodbridge, New Jersey 07095
Ph: 732-476-2440
dbruck@greenbaumlaw.com
*Local Counsel*

Michael Best & Friedrich LLP
Justin M. Mertz, Esq. (admitted *pro hac vice*)
790 N. Water Street, Ste. 2500
Milwaukee, WI 53202
Ph:  414-271-6560
Fax:  414-377-0656
jmmertz@michaelbest.com

*Attorneys for creditor AVT New Jersey, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| In re: | |
|---|---|
| **CUBITAC CORP.,** | Chapter 11 |
| **Debtor.** | Case No. 24-20659 (VFP) |
| | Judge: Vincent F. Papalia |

**NOTICE OF MOTION FOR AN ORDER APPOINTING A CHAPTER 11 TRUSTEE UNDER 11 U.S.C. § 1104(A) OR, ALTERNATIVELY, CONVERTING THE CASE TO CHAPTER 7 UNDER 11 U.S.C. § 1112(B)**

**TO: ALL PERSONS ON ATTACHED CERTIFICATE OF SERVICE**

**PLEASE TAKE NOTICE** that AVT New Jersey, L.P. ("**AVT**"), by and through counsel, will move before the Honorable Vincent F. Papalia, Judge of United States Bankruptcy Court for the District of New Jersey at 50 Walnut Street, Newark, New Jersey, at a date and time to be set by the Court, for an order appointing a Chapter 11 trustee or,

in the alternative, converting the case to a case under Chapter 7 and for such other and further relief as this Court deems just and appropriate.

    **PLEASE TAKE FURTHER NOTICE** that AVT will rely upon the Memorandum of Law submitted herewith and the *Declaration of Christopher Scharman*.

    **PLEASE TAKE FURTHER NOTICE** that any papers in opposition to the Motion must be filed with the Court and served upon AVT and interested parties in accordance with the Local Rules.

Dated: November 27, 2024.        Respectfully submitted,

        */s/ David L. Bruck*
        David L. Bruck, Esq.
        Greenbaum, Rowe, Smith & Davis LLP
        Metro Corporate Campus One
        P.O. Box. 5600
        Woodbridge, New Jersey 07095
        Ph: 732-476-2440
        dbruck@greenbaumlaw.com
        MICHAEL BEST & FRIEDRICH LLP

        */s/ Justin M. Mertz (Pro Hac Vice)*

        Michael Best & Friedrich LLP
        Justin M. Mertz, Esq. (admitted *Pro Hac Vice*)
        790 N. Water Street, Suite 2500
        Milwaukee, WI 53202
        Phone: 414.271.6560
        Fax: 414.277.0656
        jmmertz@michaelbest.com

        *Attorneys for AVT New Jersey, L.P.*

Greenbaum, Rowe, Smith & Davis LLP
David L. Bruck, Esq.
Metro Corporate Campus One
P.O. Box. 5600
Woodbridge, New Jersey 07095
Ph: 732-476-2440
dbruck@greenbaumlaw.com
*Local Counsel*

Michael Best & Friedrich LLP
Justin M. Mertz, Esq. (admitted *pro hac vice*)
790 N. Water Street, Ste. 2500
Milwaukee, WI 53202
Ph:  414-271-6560
Fax:  414-377-0656
jmmertz@michaelbest.com

*Attorneys for creditor AVT New Jersey, L.P.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re:** | Chapter 11 |
| **CUBITAC CORP.,** | Case No. 24-20659 (VFP) |
| **Debtor.** | Judge:  Vincent F. Papalia |

**MEMORANDUM IN SUPPORT OF THE MOTION FOR AN ORDER APPOINTING A CHAPTER 11 TRUSTEE UNDER 11 U.S.C. § 1104(a) OR, ALTERNATIVELY, CONVERTING THE CASE TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b)**

AVT New Jersey, L.P. ("**AVT**"), by and through counsel, hereby moves for an order appointing a Chapter 11 trustee under 11 U.S.C. § 1104(a) or, alternatively, for an order converting this case to a case under Chapter 7 under 11 U.S.C. § 1112(b).

**Preliminary Statement**

The facts prevalent in this case show clear cause for not only serious concern, but

2

also the appointment of a Chapter 11 Trustee. The Debtor and the Debtor's principal owner, Mr. Weiss, have a long history of abusing the legal system, gaming procedural safeguards of the legal process, ignoring various courts' directives, and hindering, delaying, and defrauding AVT over the past **five** years. This pattern of abuse must be stopped, and a critical step in that direction is for the Court to appoint a Chapter 11 trustee under 11 U.S.C. § 1104(a) or, in the alternative, the conversion of this case to Chapter 7 under 11 U.S.C. § 1112(b).

This Motion is not taken lightly; it comes after AVT's five-year-long history of litigating against the Debtor and attempting to collect on a Judgment resulting from Debtor's refusal to make even a single payment on the Mast Lease Agreement—with the Debtor and Mr. Weiss obfuscating every step of the way.

Given the lengthy factual statements set forth in the *Declaration of Christopher Scharman* (AVT's general counsel), a duplicative statement of facts is not set forth herein; rather, Mr. Scharman's Declaration is fully incorporated herein by reference. AVT submits that under a "totality of the circumstances" analysis, these facts are important for the Court's assessment of the Motion, and that this Motion should be granted for the benefit of the Debtor's estate.

## Relief Requested

1.      AVT requests that a Chapter 11 Trustee be appointed pursuant to section 1104(a) or, in the alternative, that the Debtor's case be converted to a case under Chapter 7 pursuant to section 1112(b).

## Basis For Relief Requested

3

  A. **<u>Appointment of a Chapter 11 Trustee</u>**

  2. Appointment of a Chapter 11 trustee is governed by 11 U.S.C. § 1104(a), which provides, in pertinent part, as follows:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee —
>
>> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause . . . ; or
>>
>> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate . . . .

  3. Although § 1104(a)(1) lists several examples of "cause" for the appointment of a trustee, the list is not exclusive. While the factors that may constitute "cause" under section 1104(a)(1) include management's fraud, dishonesty, incompetence, or gross mismanagement, nothing in the statute precludes the Court from finding "similar cause" for other reasons.

  4. In addition, § 1104(a)(2) provides the Court a flexible, "best interest" approach that can be utilized in the absence of, or in conjunction with, "cause" under § 1104(a)(1). *See* 11 U.S.C. § 1104(a)(2); *see also In re Marvel Entm't Grp.*, 140 F.3d 463, 474 (3d Cir. 1998) (court has discretion to appoint a trustee "when to do so would serve the parties' and estate's interests") (citing *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d Cir. 1989)).

  5. In determining whether to appoint a Chapter 11 trustee, a court should consider practical realities such as: the trustworthiness of the debtor; past and present performance; prospects for rehabilitation; the confidence, or lack thereof, of the business

4

community and of creditors in present management; and the benefits derived by the appointment of a trustee, balanced against the cost of the appointment. *Mfrs. & Traders Tr. Co. v. Morningstar Marketplace, Ltd. (In re Morningstar Marketplace, Ltd.)*, 544 B.R. 297, 304 (Bankr. M.D. Pa. 2016); *In re Vascular Access Ctrs., L.P.*, 611 B.R. 742, 765 (Bankr. E.D. Pa. 2020).

6.  If "current management" is found to have engaged in "fraud, dishonesty, incompetence, or gross mismanagement" due to acts or omissions which occurred either before or after the commencement of the case, the Court pursuant to § 1104(a)(1), must direct the appointment of a trustee. *See In re Sharon Steel Corp.*, 871 F.2d at 1226; *In re Grasso*, 490 B.R. 500, 517 (Bankr. E.D. Pa. 2013).

7.  The willingness of courts to leave chapter 11 debtors in possession is premised upon an assurance that the debtor can be depended upon to carry out the fiduciary responsibilities of a trustee. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985). As a result, if the debtor in possession is unable to carry out the requisite trustee duties, "section 1104(a)(1) commands that the stewardship of the reorganization effort must be turned over to an independent trustee." *See In re Marvel Entm't Grp.*, 140 F.3d at 474.

8.  In other words, if there is a risk of harm to the Estate by leaving the debtor in control of its assets, then the Code dictates to err on the side of appointing a trustee. *See id.*

9.  Here, the Debtor and its principal owner Mr. Weiss, have behaved egregiously over the past five years. They have stymied AVT's legal rights every step of

5

the way—beginning with the Debtor's failure to pay even the first payment due under the Master Lease in 2019, and ending with a bankruptcy filing in October 2024, just days after the sheriff's department seized the Debtor's property.

10. And along the way, the Debtor and Weiss broke promises, delayed proceedings, and failed to abide by numerous court orders many, many times.

11. As the court in *Vascular Access* pointed out, the Court should consider practical realities of appointing a Chapter 11 trustee that go beyond the cost associated with such an appointment. The trustworthiness of management, the past and present behavior of management in bankruptcy, and the benefits of appointing a chapter 11 trustee should all be considered. *See In re Vascular Access Ctrs., L.P.*, 611 B.R. at 765; *In re Hotel Associates, Inc.*, 3 B.R. 343, 345 (Bankr. E.D. Pa. 1980).

12. Here, Mr. Weiss' trustworthiness is in question based on his behavior in AVT's prior litigation and the Debtor's lack of typical filings in this case thus far. For example, as set forth in the Scharman Declaration, Cubitac and/or Weiss:

- Failed to make even the first payment under AVT's $1.6M lease and never made a full Base Rent Payment (Scharman Decl. ¶ 7.);

- Failed to produce documents or respond to questions on numerous, numerous occasions (Scharman Decl. ¶¶ 20-57.);

- Failed to appear for scheduled depositions on multiple occasions (*Id.*);

- Failed to comply with various court orders regarding discovery, payment obligations, or otherwise (*Id.*);

- Set up a "companion" company Cabitac a mere 6 weeks after AVT obtained its Judgment against the Debtor, in an apparent effort to hinder, delay, and defraud AVT (Scharman Decl. ¶ 60-61.); and

- At the end of 5 years of litigation, quickly filed this bankruptcy case as a

6

last-ditch attempt to evade AVT's efforts to enforce its Judgment. (Scharman Decl. ¶ 62.)

13. This pattern of behavior is egregious, has cost AVT a tremendous amount of time and money, and appears to include the concealment or diversion of estate assets. A Chapter 11 trustee would ensure that the Debtor operates properly, files timely and accurate reports, and identifies and pursues assets and recoverable transfers under §§ 547 through 551 of the Code for the benefit of the Estate.

14. All said, Mr. Weiss' pattern of behavior indicates he will not readily comply with his fiduciary duties as a manager of a debtor-in-possession in bankruptcy. For all of these reasons, the Court should appoint a Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(a).

### B. Conversion to Chapter 7

15. Conversion of a chapter 11 case to a case under chapter 7 is governed by 11 U.S.C. § 1112(b)(1), which provides:

> Except as provided in paragraph (2)[1] and subsection (c),[2] on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss

---

[1] 11 U.S.C. § 1112(b)(2) states:
> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that –
>> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) –
>>> (i) for which there exists a reasonable justification for the act or omission; and
>>> (ii) that will be cured within a reasonable period of time fixed by the court.

[2] 11 U.S.C. § 1112(c) states:
> The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion.

7

> a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

16. "Cause" is defined as including "substantial or continuing loss to or diminution of the estate," "gross mismanagement of the estate," or "unauthorized use of cash collateral substantially harmful to 1 or more creditors." *See* 11 U.S.C. § 1112(b)(4)(A), (B), & (D).

17. It is well settled that the list of factors constituting "cause" are not exhaustive, and that "[t]he court will be able to consider other factors, and to use its equitable powers to reach an appropriate result in individual cases." *See* H. Rep. 595, 95th Cong., 1st Sess. 406 (1977); *see also In re 3 Ram, Inc.*, 343 B.R. 113, 117 (Bankr. E.D. Pa. 2006) (Section 1112(b)(4) provides a non-exhaustive list of examples of "cause" for conversion or dismissal).

18. Here, as has been previously discussed, the Debtor's actions are clear cause for conversion under § 1112(b)(4)(B). Among other things, the Debtor has (a) not filed any first-day motions—let alone one for the use of cash collateral (Scharman Decl. ¶ 70.), (b) not properly notified creditors of this bankruptcy case (Scharman Decl. ¶ 67), (c) failed to properly and accurately list its liabilities and legal affairs in its schedules (Scharman Decl. ¶ 68-69), and (d) upon belief, continues to commingle funds and fraudulently transfer and conceal assets that are rightfully property of the estate (Scharman Decl. ¶ 65-66).

19. If this Court does not order the appointment of a Chapter 11 Trustee, then

8

the case should be converted to Chapter 7. Based on the Debtor's actions (and inactions) in this case, and the Debtor and Mr. Weiss' pattern of behavior, it would be in the best interests of creditors and the estate for a chapter 7 trustee—who would be bonded and appointed and monitored by the U.S. Trustee—to take over the administration of this case.

20. Dismissal would not be in the best interests of creditors and the estate, as that would leave Mr. Weiss in control of the Debtor, and free to take such actions as he sees fit to thwart creditors in their collection efforts, as he has done for the past 5 years.

## Conclusion

WHEREFORE, AVT respectfully requests that this Court enter an order directing the appointment of a Chapter 11 trustee or, in the alternative, that this Court enter an order converting this case to a case under chapter 7, and that this Court grant such other and further relief that it deems just and equitable.

Dated: November 27, 2024.                Respectfully submitted,

/s/ David L. Bruck
Greenbaum, Rowe, Smith & Davis LLP
David L. Bruck, Esq.
Metro Corporate Campus One
P.O. Box. 5600
Woodbridge, New Jersey 07095
Ph: 732-476-2440
dbruck@greenbaumlaw.com

and

MICHAEL BEST & FRIEDRICH LLP

/s/ Justin M. Mertz (Pro Hac Vice)
Michael Best & Friedrich LLP
Justin M. Mertz, Esq. (admitted *Pro Hac Vice*)

9

790 N. Water Street, Suite 2500
Milwaukee, WI 53202
Phone: 414.271.6560
Fax: 414.277.0656
jmmertz@michaelbest.com

*Attorneys for AVT New Jersey, L.P.*

Greenbaum, Rowe, Smith & Davis LLP
David L. Bruck, Esq.
Metro Corporate Campus One
P.O. Box. 5600
Woodbridge, New Jersey 07095
Ph: 732-476-2440
dbruck@greenbaumlaw.com
*Local Counsel*

Michael Best & Friedrich LLP
Justin M. Mertz, Esq. (admitted *pro hac vice*)
790 N. Water Street, Ste. 2500
Milwaukee, WI 53202
Ph:  414-271-6560
Fax:  414-377-0656
jmmertz@michaelbest.com

*Attorneys for creditor AVT New Jersey, L.P.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | |
| CUBITAC CORP., | Chapter 11 |
| | Case No. 24-20659 (VFP) |
| Debtor. | Judge:  Vincent F. Papalia |

**ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

The relief set forth on the following page(s), numbered two (2) is hereby **ORDERED.**

**(Page 2)**

**Order Directing the Appointment of a Chapter 11 Trustee**

---

Upon consideration of the motion of AVT, by and through counsel, for an Order Directing the Appointment of a Chapter 11 Trustee, or in the alternative, an Order Converting Case to Chapter 7, and notice of the motion having been given to Debtor, Debtor's counsel, and parties that filed a notice of appearance, and the Court having found cause for the entry of the within order, and the Court having further found that the entry of the within order is in the best interest of creditors and the bankruptcy estate, it is hereby:

**ORDERED** that the Acting United States Trustee is directed to appoint a Chapter 11 Trustee in the above-captioned case.

Greenbaum, Rowe, Smith & Davis LLP
David L. Bruck, Esq.
Metro Corporate Campus One
P.O. Box. 5600
Woodbridge, New Jersey 07095
Ph: 732-476-2440
dbruck@greenbaumlaw.com
*Local Counsel*

Michael Best & Friedrich LLP
Justin M. Mertz, Esq. (admitted *pro hac vice*)
790 N. Water Street, Ste. 2500
Milwaukee, WI 53202
Ph:  414-271-6560
Fax:  414-377-0656
jmmertz@michaelbest.com

*Attorneys for creditor AVT New Jersey, L.P.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In re: | : |
|---|---|
| CUBITAC CORP., | : Chapter 11 |
| | : Case No. 24-20659 (VFP) |
| Debtor. | : Judge:  Vincent F. Papalia |

**ORDER CONVERTING THE CASES TO CHAPTER 7**

The relief set forth on the following page(s), numbered two (2) is hereby **ORDERED**.

MBF\207780\0084\39497861.v1-11/27/24

**(Page 2)**
**Order Converting the Cases to Chapter 7**

___

Upon consideration of the motion of AVT, by and through counsel, for an Order Directing the Appointment of a Chapter 11 trustee, or in the alternative, an Order Converting Case to Chapter 7, and notice of the motion having been given to Debtor, Debtor's counsel, and parties that filed a notice of appearance, and the Court having found cause for the entry of the within order, and the Court having further found that the entry of the within order is in the best interest of creditors and the bankruptcy estate, it is hereby:

**ORDERED** that the above-captioned case is converted to a case under chapter 7.

MBF\207780\0084\39497861.v1-11/27/24

Greenbaum, Rowe, Smith & Davis LLP
David L. Bruck, Esq.
Metro Corporate Campus One
P.O. Box. 5600
Woodbridge, New Jersey 07095
Ph: 732-476-2440
dbruck@greenbaumlaw.com
*Local Counsel*

Michael Best & Friedrich LLP
Justin M. Mertz, Esq. (admitted *pro hac vice*)
790 N. Water Street, Ste. 2500
Milwaukee, WI 53202
Ph:  414-271-6560
Fax:  414-377-0656
jmmertz@michaelbest.com

*Attorneys for creditor AVT New Jersey, L.P.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | |
| CUBITAC CORP., | Chapter 11 |
| | Case No. 24-20659 (VFP) |
| Debtor. | Judge:  Vincent F. Papalia |

### CERTIFICATION OF SERVICE

1. I, David L. Bruck, represent AVT in this matter.
2. On November 27, 2024, I caused the *Notice of Motion for an Order Appointing a Chapter 11 Trustee Under 11 U.S.C. §1104(a), or, in the Alternative, Converting the Case to Chapter 7 Under 11 U.S.C. § 1112(b)* and all supporting documents to be filed via the Court's electronic filing system which will send notice to all registered CM/ECF users appearing in this case.
3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date:   November 27, 2024                           */s/ David L. Bruck*